IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EDDIE JOSEPH BROWN, # 87813                                     PLAINTIFF

v.                                               CIVIL NO. 1:16cv145-HSO-RHW

THERESSIA LYONS, DAWN
STOUGH, ROBERT MCCORMICK,
MITCH OWEN, DIANNE HERMAN-
ELLIS, and GEORGE HUFFMAN                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court sua sponte.  Pro se Plaintiff Eddie Joseph

Brown is incarcerated with the Mississippi Department of Corrections, and he

brings this action for damages, challenging his conviction.  The Court has

considered and liberally construed the pleadings.  For the reasons set forth below,

this case will be dismissed.

## I.   BACKGROUND

Brown was convicted by a jury on March 14, 2012, of possession of more than

two grams of cocaine, in the Circuit Court of Harrison County, Mississippi, Second

Judicial District.  Pl.'s 2d Resp. [12] at 8; Pl.'s 2d Resp. Ex. [12-1] at 2; Compl. [1] at

5.  Brown was sentenced as a habitual offender to thirty-two years imprisonment,

without parole.  Pl.'s 2d Resp. [12] at 8.  Brown alleges that his defense counsel

were Defendants Theressia Lyons, Dawn Stough, Robert McCormick, and Dianne

Herman-Ellis.  Compl. [1] at 3-6.  Defendants Mitch Owen and George Huffman

were the prosecutors.  *Id.* at 3.

Brown was originally indicted by a grand jury for possession of cocaine with intent to distribute. *Id.* at 4-5. Brown claims during trial Defendants discussed the fact that there was insufficient evidence for this crime. *Id.* at 5. It was then, according to Brown, that Defendants conspired to "secure a conviction" by amending the indictment to charge mere possession of more than two grams of cocaine, without presenting that charge to the grand jury. Pl.'s Resp. [12] at 5-8; Compl. [1] at 5. Brown contends that this conspiracy was driven by the fact that he is an African-American. Pl.'s Resp. [12] at 3-5. But for the alleged actions of the Defendants, Brown claims he would not have been convicted. Compl. [1] at 7.

The Mississippi Court of Appeals affirmed Brown's conviction on March 18, 2014. *Brown v. State*, 143 So. 3d 624, 625 (¶1) (Miss. Ct. App. 2014). The Mississippi Supreme Court denied certiorari. *Brown v. State*, 141 So. 3d 947 (Miss. 2014).[1] On February 27, 2015, the Mississippi Supreme Court denied Brown permission to proceed on post-conviction relief. *See* February 3, 2016, Mem. Op. and Order Adopting R. & R. [33] at 3, *Brown v. Byrd*, No. 1:15cv115-LG-RHW (S.D. Miss.) (denying writ of habeas corpus).

This Court denied Brown's request for a writ of habeas corpus on February 3, 2016. Mem. Op. and Order Adopting R. & R. [33] at 1, *Brown v. Byrd*, No. 1:15cv115-LG-RHW (S.D. Miss.). Brown currently has an application for a

---

[1]Brown filed for, and was denied, certiorari review before the Mississippi Court of Appeals issued its mandate. Pl.'s Resp. [12] at 8.

certificate of appealability pending before the United States Court of Appeals for the Fifth Circuit.  Pl.'s Resp. [12] at 9.

On April 28, 2016, Brown filed the instant civil action.  Brown asserts claims under 42 U.S.C. §§1983, 1985(2) and (3), and 1986 for the alleged conspiracy and deprivation of his rights to a grand jury, due process, fair trial, effective assistance of counsel, and equal protection.  *Id.* at 3-5; Compl. [1] at 3, 7.  Brown invokes also state law claims for denial of a grand jury and due process, negligence, and legal malpractice.  Pl.'s Resp. [12] at 2-3, 6-7; Compl. [1] at 3, 6.

## II.   DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court.  The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted); *see Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (quotation omitted).

"[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even

where they have not been addressed or raised. . . ." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the inmate "has already pleaded his 'best case'" and his "insufficient factual allegations" cannot "be remedied by more specific pleading," the Court may dismiss the action sua sponte. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Because the Court has permitted Brown to proceed *in forma pauperis*, this case is subject to the provisions allowing for sua sponte dismissal under § 1915.

A civil action that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). In such a case, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Brown claims that he was convicted of a crime for which he was not indicted and that his attorneys agreed with the prosecution to do so, simply on account of

4

Plaintiff's ethnicity.  Success on Brown's challenges to his State court conviction would necessarily imply the invalidity of that conviction for possession of cocaine. This is because Brown would have shown that he was convicted without jurisdiction and in violation of his Fourteenth Amendment rights to a grand jury, due process, assistance of counsel, and equal protection.  Therefore, this case may only proceed if Brown proves his conviction has been invalidated.  Brown admits that it has not been.

Because his State court conviction has not been invalidated, Brown is precluded by *Heck* from challenging it in this civil action at this time.  These claims will therefore be dismissed with prejudice for failure to state a claim, until such time as Brown has the State court conviction for possession of cocaine invalidated via appeal, post conviction relief, habeas corpus relief, or otherwise.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  This dismissal will count as a strike under § 1915(g).  *Taylor v. Swift*, 618 F. App'x 228, 229 (5th Cir. 2015) (citing *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996)).

III.   <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, this case is **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as pro se Plaintiff Eddie Joseph Brown demonstrates that his State conviction has been invalidated via appeal, post conviction relief,

5

habeas corpus relief, or otherwise.  This dismissal counts as a strike pursuant to 28

U.S.C. § 1915(g).  A separate final judgment shall issue pursuant to Federal Rule of

Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 29th day of July, 2016.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE